IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 1, 2022

**IN RE TYLER H. ET AL.**

**Appeal from the Circuit Court for Robertson County**
**No. 74CC5-2019-CV-382  Kathryn Wall Olita, Judge**

_____

**No. M2022-00744-COA-R3-PT**

_____

A mother appeals the termination of her parental rights.  Because the mother did not file her notice of appeal within thirty days after entry of the final order as required by Tennessee Rule of Appellate Procedure 4(a), we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

FRANK G. CLEMENT, JR., P.J., M.S., W. NEAL MCBRAYER, and JEFFREY USMAN, JJ.

Heather Elyse Haggard, Springfield, Tennessee, for the appellant, Mayron Y.

Courtney Jayne Mohan, Nashville, Tennessee, for the appellee, Tennessee Department of Children's Services.

Tia Marie Bailiff, Portland, Tennessee, Guardian ad Litem.

**MEMORANDUM OPINION**[1]

The Tennessee Department of Children's Services filed a petition to termination the parental rights of Mayron Y. ("Mother") and Justin H. ("Father") to their two children. Following a trial on the merits, the trial court entered a final order terminating both parents' parental rights on May 4, 2022.  Mother filed her notice of appeal with the clerk of this Court on June 6, 2022.  Father has not appealed.

_____

[1]Under the rules of this Court, as a memorandum opinion, this opinion may not be published, "cited[,] or relied on for any reason in any unrelated case."  Tenn. Ct. App. R. 10.2

Rule 4(a) of the Tennessee Rules of Appellate Procedure requires that a notice of appeal be filed with the clerk of the appellate court within thirty days after entry of the judgment appealed. Mother did not file her notice of appeal until thirty-three days after entry of the judgment. On August 18, 2022, this Court ordered Mother to show cause why her appeal should not be dismissed for failure to file a timely notice of appeal. In response, Mother does not dispute that her notice of appeal is untimely but asserts that her trial counsel incorrectly calculated the due date and that she should not be prejudiced by her former counsel's miscalculation.[2]

We are reluctant to dismiss an appeal involving the termination of parental rights based solely on the miscalculation of a former counsel. However, the thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional. *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004); *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003). This Court can neither waive nor extend the time period. Tenn. R. App. P. 2 and 21(b); *Flautt & Mann v. Council of City of Memphis*, 285 S.W.3d 856, 868 n.1 (Tenn. Ct. App. 2008); *Jefferson v. Pneumo Servs. Corp.*, 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985). The failure to file a timely notice of appeal deprives this Court of jurisdiction to hear the matter. *Flautt & Mann*, 285 S.W.3d at 869 n.1. While a trial court may, under unusual and compelling circumstances, grant an appellant relief from the failure to file a timely notice of appeal under Tennessee Rule of Civil Procedure 60, such relief must be sought in the trial court. Tenn. R. App. P. 4(a), advisory commission comments; *McCracken v. Brentwood United Methodist Church*, 958 S.W.2d 792, 795 (Tenn. Ct. App. 1997).

The appeal is hereby dismissed for failure to file a timely notice of appeal. The case is remanded to the trial court for further proceedings consistent with this opinion. The costs are taxed to Mayron Y.

**PER CURIAM**

---

[2] Mother's trial counsel withdrew after filing the notice of appeal, and the trial court appointed new counsel to represent Mother on appeal.